A. Louis Dorny (SBN: 212054)
TESLA INC.
901 Page Ave, Fremont,
CA 94538-7341
Telephone (510) 298-8516
Email: ldorny@tesla.com

Allison Huebert (*pro hac vice*)
TESLA INC.
1 Tesla Road, Austin, TX 78725
Telephone (512) 557-8797
Email: ahuebert@tesla.com

Attorneys for Defendant
TESLA INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN L. URBAN, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>TESLA INC., d/b/a TESLA MOTORS, INC.,<br><br>        Tesla. | Case No. 5:22-cv-07703-PCP<br><br>**TESLA'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(Honorable P. Casey Pitts) |

TESLA'S ANSWER TO COMPLAINT

## GENERAL DENIAL

Tesla, Inc. ("Tesla"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses as follows. Except as expressly admitted, qualified, or otherwise answered here, Tesla denies each and every allegation and assertion in the Complaint. The paragraphs that follow align with the numbered paragraphs in the Complaint.

This Answer is based upon Tesla's investigation conducted into the allegations of Plaintiff's Complaint to date. Tesla reserves the right to amend this answer and/or to assert any additional affirmative defenses as its investigation continues during this litigation. The headings and prefatory material in the Complaint are not substantive allegations to which an answer is required but are also included herein for organization purposes; to the extent that these items are intended as substantive allegations, Tesla denies them. Further, Tesla's use herein of defined terms in the Complaint should not be interpreted as, and is not, an admission that: (i) Tesla agrees with Plaintiff's characterization or use of the defined terms; (ii) the defined terms are accurate; or (iii) any documents or items described by the defined terms actually exist. Tesla uses these terms solely for the purpose of responding to the allegations in the Complaint.

## SPECIFIC RESPONSES

## NATURE OF THE ACTION

1. Tesla admits that Plaintiff purports to bring this action on behalf of the class specified therein. Tesla denies the remaining allegations in Paragraph 1.

2. Tesla denies the allegations in Paragraph 2.

3. Tesla denies the allegations in Paragraph 3.

4. Tesla admits that Plaintiff purports to seek redress for the harms alleged therein. Answering further, Tesla denies that Plaintiff's claims have any merit and he is entitled to any relief. Tesla denies the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusion to which no response is required; to the extent a response is required, Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore denies them.

6. Paragraph 6 contains legal conclusion to which no response is required; to the extent a response is required, Tesla denies venue is proper in this district pursuant to the purchase contract referenced but not attached to Plaintiff's Complaint.

7. Tesla admits that it sells vehicles in the United States. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7 and therefore denies them.

## PARTIES

8. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies them.

9. Tesla admits that it is a corporation organized and existing under the laws of Delaware and currently maintains headquarters in Austin, Texas. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 and therefore denies them.

## TESLA'S CALIFORNIA CONTACTS

10. Tesla admits that its headquarters was located at 3500 Deer Creek Road, Palo Alto, California prior to December 2021. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 and therefore denies them.

11. Tesla admits it conducts business in California. Other than as specifically admitted, Tesla lacks sufficient information with respect to how Plaintiff defines the phrases "substantial business" and "a significant portion of it sales and leases," and therefore denies the remaining allegations in Paragraph 11

12. Tesla admits it conducts operations in California. Other than as specifically admitted, Tesla lacks sufficient information with respect to how Plaintiff defines the phrase "a significant portion of Tesla's U.S. operations," and therefore denies the remaining allegations in Paragraph 12.

13. Tesla denies the allegations in Paragraph 13.

14. Tesla denies the allegations in Paragraph 14.

15. Tesla denies the allegations in Paragraph 15.

16. Paragraph 6 contains legal conclusion to which no response is required; to the extent a response is required, Tesla lacks sufficient information with respect to how Plaintiff defines the phrases "significant contacts" and "the conduct at issue" and therefore denies the allegations in Paragraph 16.

## SUBSTANTIVE ALLEGATIONS

17. Paragraph 17 contains legal conclusion to which no response is required; to the extent a response is required, Tesla denies that this action is suitable for class treatment.

18. Tesla admits it was incorporated in 2003, produced a vehicle called the Roadster in 2008, and produced a Model S electric vehicle sedan. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, including the contents of the materials referenced in footnote 1, and therefore denies them.

19. Paragraph 19 contains legal conclusion to which no response is required; to the extent a response is required, Tesla admits that it does not sell its vehicles through authorized third party dealerships, and that Telsa sales and leases can be conducted online or in person at a Tesla showroom. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, including the contents of the materials referenced in footnote 2, and therefore denies them.

### A. Tesla's Representations and Warranty

20. Tesla's website speaks for itself, and to the extent the allegations in Paragraph 20 vary therewith, Tesla denies them.

21. Tesla's website speaks for itself, and to the extent the allegations in Paragraph 21 vary therewith, Tesla denies them.

22. Tesla's website speaks for itself, and to the extent the allegations in Paragraph 22 vary therewith, Tesla denies them.

23. Paragraph 23 contains legal conclusion to which no response is required; to the extent a response is required, Tesla's warranties speak for themselves, and to the extent the allegations in Paragraph 23 vary therewith, Tesla denies them.

24. Tesla denies the allegations in Paragraph 24.

## B. The Nature of The Defect

25. Tesla admits that one feature of the door handles on model years 2014-2016 Model S (the "Vehicle") is Auto Present Handles which causes the door handles to present when approached at a certain range. Other than as specifically admitted, Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 and therefore denies them.

26. Tesla denies the allegations in Paragraph 26.

27. Tesla denies the allegations in Paragraph 27.

28. Tesla admits that the article cited in footnote 8 alleges that, as of the date of publication, NHTSA and NTSB were investigating "a number of crashes," one of which involved a door handle malfunction of a vehicle. Tesla denies the remaining allegations in Paragraph 28 and the accompanying footnote.

### 1. Plaintiff's Experience with the Defect

29. Tesla admits that Plaintiff placed an order on April 10, 2015 for a 2015 Model S, for shipping via third party common carrier with obligation to take delivery on or about June 5, 2015 at Plaintiff's local Tesla Service Center in Orlando, Florida. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 and therefore denies them.

30. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore denies them.

31. Tesla admits that an in-warranty passenger rear door handle repair was covered by Tesla at no charge to Plaintiff on November 5, 2018. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 and therefore denies them.

32. Tesla admits that it repaired Plaintiff's front passenger side door handle on February 16, 2021, after the Plaintiff's warranty had expired. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 32 and therefore denies them.

33.  Tesla admits that it performed a retrofit of Plaintiff's front driver side door handle on May 31, 2022. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 and therefore denies them.

34.  Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore denies them.

35.  Tesla admits that Plaintiff, on or about July 25, 2022, demanded Tesla repurchase his 2015 Model S Vehicle.  In response, on or about August 17, 2022, Tesla declined to repurchase the vehicle for several reasons, but as a gesture of good will Tesla offered reimbursement of $589.35 for Plaintiff's previous repair costs. Tesla denies the remaining allegations in Paragraph 35.

36. Tesla denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36.

37.  Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 and therefore denies them.

### 2.  Class Members' Experience with the Defect

38. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore denies them.

39. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by individuals to the online forum referenced in this paragraph and therefore denies them.  The content of the online forum referenced in Paragraph 39 and the accompanying footnote speaks for itself, and to the extent the allegations in Paragraph 39 vary therewith, Tesla denies them.

40. Tesla lacks knowledge or information sufficient to form a belief as to the truth of the information allegedly posted by individuals to the online forum referenced in this paragraph and therefore denies them.  The content of the online forum referenced in Paragraph 40 and the accompanying footnote speaks for itself, and to the extent the allegations in Paragraph 40 vary therewith, Tesla denies them.

41. Tesla denies the allegations in Paragraph 41.

42. Tesla denies the allegations in Paragraph 42.

1  43. Tesla denies the allegations in Paragraph 43.

2  44. Tesla denies the allegations in Paragraph 44.

3  C. **Tesla's Knowledge of the Defect and Failure to Remedy the Defect**

4  45. Tesla's website, owners' manuals, and warranties are self-evident, and to the extent the
5  allegations in Paragraph 45 vary therewith, Tesla denies them. Tesla denies the remaining
6  allegations in Paragraph 45.

7  46. Tesla's website, owners' manuals, and warranties speak are self-evident, and to the extent
8  the allegations in Paragraph 46 vary therewith, Tesla denies them.  Tesla denies the remaining
9  allegations in Paragraph 46.

10  47. Tesla denies the allegations in Paragraph 47.

11  48. Tesla admits that it strives to improve and continue to develop all vehicle features as
12  advancements in technology permit and that it has made various design changes impacting its door
13  handles over time. Tesla denies the remaining allegations in Paragraph 48.

14  49. Tesla denies the allegations in Paragraph 49.

15  50. Tesla denies the allegations in Paragraph 50.

16  51. Paragraph 51 contains legal conclusions to which no response is required; to the extent a
17  response is required, Tesla denies that Plaintiff is entitled to any of the relief described in
18  Paragraph 51.

19  **TOLLING OF THE STATUTE OF LIMITATIONS AND ESTOPPEL**

20  52. Tesla denies the allegations in Paragraph 52.

21  53. Tesla denies the allegations in Paragraph 53.

22  54. Tesla denies the allegations in Paragraph 54.

23  55. Tesla denies the allegations in Paragraph 55.

24  56. Tesla denies the allegations in Paragraph 56.

25

26

27

28

**CLASS ACTION ALLEGATIONS**

57. Paragraph 57 contains legal conclusions to which no response is required; to the extent a response is required, Tesla denies that Plaintiff's claim is suitable for class treatment.

58. Paragraph 58 contains legal conclusions to which no response is required; to the extent a response is required, Tesla denies that Plaintiff's claim is suitable for class treatment.

59. Paragraph 59 contains legal conclusions to which no response is required; to the extent a response is required, Tesla denies that Plaintiff's claim is suitable for class treatment.

60. Paragraph 60 contains legal conclusions to which no response is required; to the extent a response is required, Tesla denies that Plaintiff's claim is suitable for class treatment.

61. Paragraph 61 contains legal conclusions to which no response is required; to the extent a response is required, Tesla denies that Plaintiff's claim is suitable for class treatment.

62. Tesla denies the allegations in Paragraph 62.

63. Tesla denies the allegations in paragraph 63.

**COUNT I**

**Violation of Consumers Legal Remedies Act**

**California Civil Code §§ 1750, *et seq.***

64. Tesla restates its responses contained above as if fully set forth herein in response to paragraph 64.

65. Tesla admits that Plaintiff seeks to bring this action pursuant to the California Consumers Legal Remedies Act ("CLRA"), Civil Code section 1750, *et seq*. Tesla denies the remaining allegations in Paragraph 65.

66. Tesla denies the allegations in Paragraph 66.

67. Tesla denies the allegations in Paragraph 67.

68. Tesla denies the allegations in Paragraph 68.

69. Tesla denies the allegations in Paragraph 69.

70. Tesla denies the allegations in Paragraph 70.

71. Tesla admits that Plaintiff seeks injunctive relief. Tesla denies the remaining allegations in Paragraph 71.

72. Paragraph 72 contains legal conclusions to which no response is required; to the extent a response is required Tesla denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal conclusions to which no response is required; to the extent a response is required Tesla denies that Plaintiff is entitled to any such relief.

## COUNT II

### Unlawful, Unfair, and Fraudulent Business Practices in Violation of

### California Business and Professions Code §§ 17200, *et seq.*

74. Tesla restates its responses contained above as if fully set forth herein in response to paragraph 74.

75. Tesla admits that California's Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, defines unfair competition. Tesla denies the remaining allegations in Paragraph 75.

76. Tesla denies the allegations in Paragraph 76.

77. Tesla denies the allegations in Paragraph 77.

78. Tesla denies the allegations in Paragraph 78.

79. Tesla denies the allegations in Paragraph 79.

80. Tesla denies the allegations in Paragraph 80.

81. Tesla denies the allegations in Paragraph 81.

82. Tesla denies the allegations in Paragraph 82.

83. Tesla denies the allegations in Paragraph 83.

84. Tesla denies the allegations in Paragraph 84.

## COUNT III

### Breach of Express Warranty Under California Law

85. Tesla restates its responses contained above as if fully set forth herein in response to paragraph 85.

86. Tesla's warranty speaks for itself, and to the extent the allegations in Paragraph 86 vary therewith, Tesla denies them. Tesla denies the remaining allegations in Paragraph 86.

87. Tesla denies the allegations in Paragraph 87.

88. Tesla denies the allegations in Paragraph 88.

89. Tesla denies the allegations in Paragraph 89.

90. Tesla denies the allegations in Paragraph 90.

91. Tesla lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and therefore denies them.

92. Tesla denies the allegations in Paragraph 92.

93. Tesla denies the allegations in Paragraph 93.

94. Tesla denies the allegations in Paragraph 94.

95. Tesla denies the allegations in Paragraph 95.

96. Tesla denies the allegations in Paragraph 96.

97. Tesla denies the allegations in Paragraph 97.

## <u>COUNT IV</u>

**Breach of the Implied Warranty of Merchantability Under California Law**

98. Tesla restates its responses contained above as if fully set forth herein in response to paragraph 98.

99. The allegations of paragraph 99 set forth legal conclusions to which no response is required. To the extent a response is required, Tesla denies the remaining allegations in Paragraph 88.

100. Tesla's warranty speaks for itself, and to the extent the allegations in Paragraph 100 vary therewith, Tesla denies them. Tesla denies the remaining allegations in Paragraph 100.

101. Tesla denies the allegations in Paragraph 101.

102. Tesla denies the allegations in Paragraph 102.

103. Tesla denies the allegations in Paragraph 103.

104. Tesla denies the allegations in Paragraph 104.

## **PRAYER FOR RELIEF**

Tesla denies that Plaintiff or the purported class are entitled to any remedy.

## **AFFIRMATIVE DEFENSES**

Tesla sets forth the following affirmative defenses. In asserting these affirmative defenses, Tesla is not assuming the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff. Tesla reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Complaint also fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), and otherwise fails to properly identify the alleged misrepresentations of which Plaintiff complains.

## **SECOND AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported class and/or the general public.

## **THIRD AFFIRMATIVE DEFENSE**

Tesla is not liable because at no time did Tesla make any misrepresentation or omission of material fact.

## **FOURTH AFFIRMATIVE DEFENSE**

Tesla is not liable because it did not act knowingly or recklessly as to any alleged misstatement or omission.

## FIFTH AFFIRMATIVE DEFENSE

Tesla is not liable because any allegedly untrue statement of material fact or misleading statements were opinion statements that Tesla honestly, and upon a reasonable basis, believed to be true at the time the alleged statements were made.

## SIXTH AFFIRMATIVE DEFENSE

Tesla is not liable because any alleged misrepresentations and/or omissions were immaterial to the purchase decisions of Plaintiff or any member of any putative class. In light of the total mix of information available to the marketplace, none of the alleged misstatements or omissions would have been material to a reasonable consumer.

## SEVENTH AFFIRMATIVE DEFENSE

The injury or damage suffered by Plaintiff, if any exists, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of action alleged therein, is barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff and/or purported class members have failed to take reasonable, necessary, appropriate and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, Plaintiff and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of action alleged therein, are barred to the extent

Plaintiff and/or purported class members have waived, released, relinquished or abandoned any claim for relief against Tesla with respect to the matters which are the subject of the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

With respect to each and every allegation of the Complaint as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

(a) numerosity;

(b) commonality or community of interest;

(c) typicality;

(d) an ascertainable class;

(e) adequate representation;

(f) appropriateness of relief to the putative class as a whole;

(g) predominance of common questions over questions affecting individual class members;

(h) substantial benefit to the litigants and the court; and

(i) superiority of a class action to other available methods for fair

and efficient adjudication.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to dismissal because Plaintiff's attempt to certify a nationwide class under both the CLRA and/or UCL render Plaintiff's complaint subject to dismissal. *See Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012).

## THIRTEENTH AFFIRMATIVE DEFENSE

Tesla is not liable because any alleged misrepresentation or omission was immaterial to the decision of any Class Member, including Plaintiff to purchase a model year 2014-2016 Tesla Model S.

## **FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of laches.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Tesla is informed and believes and thereupon alleges that if Plaintiff and/or purported class members suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage, or injury was the direct and proximate result of the unforeseeable misuse of the products at issue, by Plaintiff, purported class members and/or other parties.

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to Tesla's alleged conduct.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

If Tesla is found in some manner responsible to Plaintiff and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Tesla is not responsible. By reason of the foregoing, Tesla requests a court declaration of its right to be indemnified and held harmless by such persons or entities.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Florida law applies to Plaintiff's claims, which are time barred under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* Fla. Stat. Ann. § 501.201 *et seq.* Moreover,

neither tolling nor the delayed discovery rule apply to FDUTPA under the circumstances of this case.

### **TWENTIETH AFFIRMATIVE DEFENSE**

The alleged causes of action are barred, in whole or in part, because Plaintiff's remedies are limited under the Warranty.

### **TWENTY- FIRST AFFIRMATIVE DEFENSE**

The alleged causes of action are barred, in whole or in part, by Tesla's disclaimer of any implied warranties.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff and the members of the putative class seek relief to which they are not entitled.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim fails in whole or in part because Plaintiff has not suffered damages from the acts of which he complains.

WHEREFORE, Tesla prays for a judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;

2. That judgment be entered in favor of Tesla against Plaintiff;

3. That the Complaint be dismissed with prejudice;

4. That Tesla be awarded their costs of suit, including reasonable attorneys' fees; and

5. For such other relief as this Court deems just and proper.

# DEMAND FOR JURY TRIAL

Defendant Tesla Inc. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

DATED:  November 28, 2023

Respectfully submitted,

**TESLA INC.**

By: */s A. Louis Dorny*
A. Louis Dorny (SBN 212054)
*ldorny@tesla.com*
Alison Huebert (*Pro Hac Vice*)
*ahuebert@tesla.com*

*Attorneys for Defendant Tesla Inc.*